**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Samuel Winchester,

Plaintiff,

v.

The Pepsi Bottling Group, Inc.,

Defendant.

Court File No. 00-1827 (DWF/AJB)

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER**

This matter came for hearing on November 9, 2001, at 9:00 a.m., before the Honorable Donovan W. Frank in Courtroom 2, 7th Floor of the Federal Building, United States District Court, District of Minnesota, 316 North Robert Street, St. Paul, Minnesota 55101, on Defendant's Motion to Dismiss pursuant to Federal Rules of Civil Procedure 37(d).

Appearing on behalf of Defendant was Tamika R. Nordstrom, Briggs and Morgan, P.A., 2400 IDS Center, 80 South Eighth Street, Minneapolis, MN 55402. Appearing on behalf of Plaintiff was Jodean A. Thronson, E-1000 First National Bank Building, 332 Minnesota Street, St. Paul, MN 55101.

Based on all the files and records herein and the arguments of counsel, the Court being fully advised in the premises, hereby finds, concludes and orders as follows:

**FINDINGS OF FACT**

1. Defendants have attempted on several occasions to secure a date for Plaintiffs deposition.

2. Plaintiff's deposition was duly noticed for September 18, 2001.

3. Plaintiff's counsel notified Defendant that Plaintiff's whereabouts where unknown

FILED NOV 09 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

and that Plaintiff would not be appearing for the noticed deposition.

4. Plaintiff's counsel further notified Defendant that it would be moving this Court for withdrawal of representation of Plaintiff.

5. Plaintiff did not appear for the duly noticed deposition on September 18, 2001.

6. Plaintiff's whereabouts have been unknown since May 2001 and Plaintiff's counsel has had no contact with Plaintiff since May 2001.

**CONCLUSIONS OF LAW**

1. Failure to appear at a duly noticed deposition is sufficient grounds for dismissal of Plaintiff's claims in their entirety pursuant to Fed. R. Civ. P. 37(d).

**IT IS HEREBY ORDERED:**

1. Defendant's Motion to Dismiss pursuant to Federal Rules of Civil Procedure 37(d) is **GRANTED**.

2. Plaintiff's Complaint is dismissed with prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: November 9, 2001

DONOVAN W. FRANK
Judge of United States District Court

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES:

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.